The bill does not make out a case which entitles the complainant to relief. The contract of sale was completed between the parties, and the price, an indispensable ingredient in such contract, fixed and agreed upon. The additional sum now sought to be recovered entered in no degree into the views and calculations of the parties; there was no mutual agreement and understanding between them concerning it, and it could form no part of the inducement with the complainant to sell the land, for from him it was concealed till an after *Page 166 
period; consequently no valid obligation to pay the money was incurred. If the commissioners, upon an after reflection, thought it an act of justice to allow the complainant the sum which the land might sell for above the stipulated price, the performance of an agreement to that effect must be left to the same sense of justice by which it was prompted. But it may be doubted whether they could bind their principals by an agreement relative to a purchase which was then completed, and as to which their authority was functus officio, even if a valid contract (306) had been made. If the agreement to pay this money could, by any construction, form part of the price of the land, then it cannot be proved by parol; otherwise, part of the contract would rest in deed, the other depend on the memory of witnesses, but the deed is the best evidence of what the contract was. It may be confidently inferred from this that, however strong the sentiment of justice might be under which the commissioners made the agreement or however deliberate their purpose of fulfilment, they did not mean to subject themselves to legal responsibility. The law designs to give effect to contracts founded on the mutual exigencies of society and not to undertakings merely gratuitous, nor does equity differ in this respect. If damages are sought in the one court, the plaintiff must be able to state some valid, legal, contract, which the other party wrongfully refuses to perform; if a specific performance is sought here the party must state some contract, legal or equitable, concluded between the parties which the other refuses to execute. But avoluntary conveyance cannot be enforced in this Court, any more than damages can be given at law for the breach of a voluntary promise. 1 Ves., 133, 280; 3 Atk., 399; 18 Ves., 149. It would be impossible to frame a declaration at law upon the case made in this bill; the agreement was made amongst the commissioners themselves, and not with the complainant or any one in his behalf, and the consideration, if any existed, was altogether passed and executed. Dyer, 272; 2 Strange, 933. It may therefore be said, as it has been in another case, "This agreement resting on private contract and honor, may, perhaps, be fit to be executed by the parties, but can only be enforced by considerations which apply to their feelings, and is not the subject of an action. The law encourages no man to be unfaithful to his promise, but legal obligations are, from their nature, more circumscribed than moral duties." 1 H. (307) Blackstone, 327. Let the bill be dismissed without costs.
HENDERSON, J. Having been of counsel in this case, gave no opinion.
PER CURIAM. Dismissed without costs. *Page 167